IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REBECCA A. HEABERLIN,                )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )    Civil Action No. 10-478
                                     )
MICHAEL J. ASTRUE,                   )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
          Defendant.                 )

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided

the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

One of Plaintiff's arguments is that the Administrative Law Judge ("ALJ") erred in failing to consult a medical advisor to determine whether the onset date for the allegedly disabling impairments caused by her remitting/relapsing Multiple Sclerosis, optic neuritis, and right carpal tunnel syndrome occurred on or before March 31, 2003, the date her disability insurance benefits insured status expired. She argues that this failure is contrary to the provisions of Social Security Ruling ("SSR") 83-20, 1983 WL 31249 (S.S.A.), because her condition is progressive and ambiguous and because the onset date had to be inferred. The Court disagrees.

Although SSR 83-20 does require an ALJ to consult a medical advisor to determine the onset date under certain circumstances, such circumstances do not appear in this case. The Third Circuit Court of Appeals, in Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), held that the use of a medical advisor was mandatory pursuant to SSR 83-20 in a case where the alleged onset date was nearly 30 years earlier and where the alleged impairment was a slowly progressive one and adequate medical records for the most relevant period were not available. The court further held that the medical evidence overwhelmingly suggested the onset date argued by the claimant and that there was no legitimate medical basis to the ALJ's finding as to the onset date. Since Halter, the Third Circuit has confirmed that the need to seek out the services of a medical advisor is limited to situations where the underlying disease is progressive and difficult to diagnose, where the alleged onset date is far in the past, and where contemporaneous medical records are sparse or conflicting. See Bailey v. Comm'r of Soc. Sec., 354 Fed. Appx. 613, 618 (3d Cir. 2009); Kelley v. Barnhart, 138 Fed. Appx. 505, 509 (3d Cir. 2005); Ballardo v. Barnhart, 68 Fed. Appx. 337, 339 (3d Cir. 2003).

Here, unlike the case in Halter, the alleged onset date is not remote, and there is considerable medical evidence regarding Plaintiff's condition prior to March 31, 2003, the end of her insured period. The ALJ found that the medical evidence showed no disability prior to that date, and substantial evidence supports this finding. See Kelley, 138 Fed. Appx. at 509 (finding that no medical advisor was needed where the objective medical evidence tended to disprove claimant's claim of disability before the expiration of her insured status). Indeed, it should be noted that the ALJ did not find that Plaintiff suffered from a disability at any time, and that this is not a case where the ALJ found that Plaintiff would have been found to be disabled presently, but not as of the end of her disability insurance benefits coverage period.

Plaintiff also contends that the ALJ's credibility determination regarding her testimony was "meaningless boilerplate" which provided inadequate grounds for judicial review. The Court disagrees. Plaintiff's assertion that the ALJ offered only a "one sentence, boilerplate sentence" regarding the Plaintiff's credibility is simply factually inaccurate. After stating that the Plaintiff's statements were not entirely credible, the ALJ discussed the opinion evidence and explained how the objective medical evidence of record did not support Plaintiff's claims. (R. 17). While a claimant's subjective complaints must be afforded great consideration, contrary medical evidence can discredit subjective complaints. See Mason v. Shalala, 994 F.2d 1058, 1067-69 (3d Cir. 1993). See also Hirschfeld v. Apfel, 159 F. Supp. 2d 802, 811 (E.D. Pa. 2001) ("The ALJ… has discretion to make a determination

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:    Counsel of record

---

on the credibility of witnesses and to reject the claimant's claim … if he affirmatively addresses the claim in his decision, specifies the reasons for rejecting it, and has support for his conclusion in the record."). Substantial evidence supports the ALJ's finding that the objective medical evidence undermined Plaintiff's credibility.